# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

**UNITED STATES OF AMERICA**

    **v.**

**ELIAS VELASQUEZ, JR.,**

    **Defendant.**

_____

1:24-cr-00021-WAL-EAH

**TO:**    Kyle Payne, Esq., AUSA
         José R. Olmo-Rodríguez, Esq.

## ORDER

**THIS MATTER** comes before the Court on the Defendant Elias Velasquez, Jr.'s Motion to Withdraw Guilty Plea, filed on August 11, 2025 by Attorney Jose R. Olmo-Rodríguez. Dkt. No. 59. The Government filed its response on October 8, 2025. Dkt. No. 71. Mr. Velasquez did not file a reply. For the reasons that follow, the Court will grant the motion.

## BACKGROUND

On November 25, 2024, the United States filed a Complaint charging Defendant Elias Velasquez Jr. with five counts of Possession of a Controlled Substance with the Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(E)(2). Dkt. No. 1. That same day, Mr. Velasquez made his initial appearance before Magistrate Judge G. Alan Teague. Dkt. No. 2. The Court granted Mr. Velasquez pretrial release on a $25,000 unsecured bond with standard conditions of supervision. Dkt. No. 6. On December 19, 2024, the United States filed an Information charging Mr. Velasquez with four counts of Distribution of a Controlled

*United States v. Velasquez*
1:24-cr-00021-WAL-EAH
Order
Page 2

Substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Dkt. No. 15. Mr. Velasquez entered a plea of not guilty on December 23, 2024. Dkt. No. 21.

On August 11, 2025, the undersigned Magistrate Judge held a change of plea hearing pursuant to Federal Rule of Criminal Procedure 11 with the Defendant's consent. After completing the Rule 11 colloquy and determining that the plea was knowing and voluntary, the undersigned accepted the guilty plea and stated that a Report and Recommendation ("R&R") would be entered for the District Judge's consideration. At that point, the Government moved for the Defendant's immediate detention pursuant to 18 U.S.C. § 3143(a)(2), which mandates pre-sentencing detention for certain offenses.[1] Upon learning that detention was mandatory pending sentencing, Mr. Velasquez stated that he did not understand he would be taken into custody and that, if detention were required, he wished to withdraw his plea. The undersigned therefore refrained from imposing detention, stayed the detention order pending the District Judge's acceptance or rejection of the plea, and issued an R&R recommending that the plea be accepted. Dkt. No. 57. The R&R provided, in pertinent part, that "the District Judge retains the authority to reject this Report and Recommendation and to discard the parties' plea agreement" and stayed Mr. Velasquez's

---

[1] Pursuant to 18 U.S.C. § 3143(a)(2), a judicial officer shall order the detention of a defendant who has been found guilty of an offense described in 18 U.S.C. § 3142(f)(1)(A)–(C), including offenses under the Controlled Substances Act carrying a maximum term of imprisonment of ten years or more. Mr. Velasquez pleaded guilty to Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), which carries a maximum penalty of twenty years' imprisonment. Accordingly, his offense falls within § 3142(f)(1)(B), making detention mandatory under § 3143(a)(2) absent an applicable exception.

*United States v. Velasquez*
1:24-cr-00021-WAL-EAH
Order
Page 3

detention "pending the District Judge's acceptance or rejection of the instant Report and Recommendation." Dkt. No. 57.

Later that day, Mr. Velasquez filed his initial Motion to Withdraw Guilty Plea. Dkt. No. 59. The following day, he filed an Amended Motion to Withdraw Plea of Guilty. Dkt. No. 60. On August 12th, this Court vacated the R&R, Dkt. No. 57, and directed the parties to brief the issues raised in the Amended Motion. Dkt. No. 61.

### I. Defendant's Motion to Withdraw Guilty Plea

Mr. Velasquez filed his Brief in Support of Motion to Withdraw Plea of Guilty on September 12, 2025. Dkt. No. 66. He argues that he "may withdraw a plea of guilty or nolo contendere: (1) before the court accepts the plea, for any reason or no reason" based on the text of Rule 11(d)(1) of the Federal Rules of Criminal Procedure. Dkt. No. 66 at 3. He maintains that because his request was made both orally and in writing on August 11, 2025—before the District Judge had an opportunity to act on the Magistrate Judge's R&R—his plea had not yet been accepted, and withdrawal of his guilty plea was a matter of right. *Id.* To support his position, Mr. Velasquez relies on *United States v. Hyde*, which distinguishes between pre-acceptance withdrawals as of right and post-acceptance withdrawals requiring a "fair and just reason." *Id.* at 3 (quoting *United States v. Hyde*, 520 U.S. 670, 671–72, (1997)).[2]

Mr. Velasquez then cites cases across multiple circuits holding that a defendant retains an absolute right to withdraw his guilty plea before a district judge accepts it. *Id.*

---

[2] Once a plea has been accepted, a defendant must show a "fair and just reason" to withdraw under Rule 32(e). But before a plea is accepted, Rule 11(d) affords the defendant an absolute right to withdraw. *Hyde*, 520 U.S. at 674–75.

*United States v. Velasquez*
1:24-cr-00021-WAL-EAH
Order
Page 4

(citing *United States v. Washman*, 66 F.3d 210, 212-13 (9th Cir. 1995) and *United States v. Shaker*, 279 F.3d 494, 497 (7th Cir. 2002)). He also quotes *United States v. Lozano*, 63 F. App'x 962, 963 (8th Cir. 2003), where the Eighth Circuit reversed a denial of a defendant's motion to withdraw his guilty plea because "the district court had not formally accepted the defendant's plea" even though the plea had been entered before a magistrate judge. *Id.* at 3–4. In addition, he relies on *United States v. Jones*, 472 F.3d 905, 907 (D.C. Cir. 2007), where the D.C. Circuit recognized that, under Rule 11(d)(1), the district court has no discretion to deny a motion to withdraw a guilty plea before it was accepted, and other circuit court opinions standing for the same proposition. *Id.* at 4; *see also United States v. Leszczynski*, 2024 WL 3103305 (11th Cir. 2024); *United States v. Stephens*, 489 F.3d 647, 654 (5th Cir. 2007); *United States v. Davila-Ruiz*, 790 F.3d 249 (1st Cir. 2015).

Mr. Velasquez asserts that no court has rejected the principle that a defendant retains an absolute right to withdraw a guilty plea before it has been accepted by the District Judge. *Id.* He concludes that because the Magistrate Judge's R&R was vacated and was never adopted by the District Judge, his plea was never accepted within the meaning of Rule 11. *Id.* He therefore asks the Court to grant his motion and allow him to withdraw his plea. *Id.*

## II.   The Government's Response

On October 8, 2025, the United States filed its Response Brief Regarding Defendant's Motion to Withdraw Guilty Plea. Dkt. No. 71. It did not oppose the Defendant's motion. The Government recounted that, at the change of plea hearing on August 11, 2025, "the Magistrate Judge engaged in a plea colloquy with the defendant, found the defendant

*United States v. Velasquez*
1:24-cr-00021-WAL-EAH
Order
Page 5

understood the consequences of entering into a plea agreement, asked how the defendant pleaded (defendant answered guilty), and indicated that an R&R for the district court judge to accept the plea would be docketed."[3] *Id.* Mr. Velasquez "moved to withdraw his plea of guilty" later that day. *Id.* The Government noted that the Defendant's written notice clarified that the District Judge would decide whether to accept or reject the plea agreement. *Id.*

The Government framed the issue as arising under the Federal Magistrates Act ("FMA"), 28 U.S.C. §§ 631–639, which allows district courts to delegate "additional duties" to magistrate judges as long as those duties "are not inconsistent with the Constitution and laws of the United States." *Id.* The Government cited several cases, all of which upheld the authority of magistrate judges to accept felony guilty pleas *with* the defendant's consent. *Id.* (citing *United States v. Benton*, 523 F.3d 424, 433 (4th Cir. 2008); *United States v. Woodard*, 387 F.3d 1329, 1333 (11th Cir. 2004); *United States v. Ciapponi*, 77 F.3d 1247, 1251 (10th Cir. 1996)). It contrasted those cases with *United States v. Harden*, 758 F.3d 886, 888 (7th Cir. 2014), where the Seventh Circuit held that acceptance of a guilty plea exceeds the magistrate judge's statutory authority under § 636(b). In any event, the consent signed by the Defendant in this case, Dkt. No. 49, did not provide for the Magistrate Judge to accept the plea, and the magistrate judge did not do so. *Id*. at 2-3.

The Government adds that the Magistrate Judge stated that he would issue an R&R that would recommend that the District Judge accept the plea, but no such R&R had been

---

[3] The Government prefaced its description of the plea hearing as being "to the best of its recollection" since no transcript of the proceeding had been ordered. Dkt. No. 71.

adopted when the Defendant moved to withdraw his plea. Under these circumstances, the Third Circuit and other circuits have held that a defendant can withdraw a plea for any reason or no reason before the plea is accepted pursuant to Rule 11(d)(1). Dkt. No. 71-1 at 3. (citing *United States v. Agarwal*, 24 F.4th 886, 890 (3d Cir. 2022).

## DISCUSSION

This matter turns on whether a defendant may withdraw his guilty plea under Fed. R. Civ. P. 11(d)(1) and, if so, under what circumstances. Federal Rule of Criminal Procedure 11(d) provides, in pertinent part:

> (1) A defendant may withdraw a plea of guilty or nolo contendere before the court accepts the plea, for any reason or no reason; or
> (2) After the court accepts the plea, but before it imposes sentence, if:
>
>> (A) the court rejects a plea agreement under Rule 11(c)(5); or
>>
>> (B) the defendant can show a fair and just reason for requesting the withdrawal.

Fed. R. Crim. Proc. 11(d)(1), (2). The plain language of the Rule distinguishes between a defendant's right to withdraw a plea before the district judge accepts it. Before acceptance, a defendant may withdraw a guilty plea "for any reason or no reason." Fed. R. Civ. P. 11(d)(1). After acceptance, withdrawal is permitted only under the limited circumstances set forth in Rule 11(d)(2).

The Third Circuit has held that a defendant's right to withdraw a plea under Rule 11(d)(1) remains absolute until the district judge formally accepts the plea. *Agarwal*, 24 F.4th at 890 ("Before the court has accepted the plea, the defendant has considerable flexibility; he may withdraw the plea for any reason or no reason.") (citation modified). This

*United States v. Velasquez*
1:24-cr-00021-WAL-EAH
Order
Page 7

interpretation is consistent with the views of other circuits that have considered the issue and agree that a defendant's right to withdraw a plea under Rule 11(d)(1) remains absolute until the district judge formally accepts the plea. *See, e.g., Dávila-Ruiz*, 790 F.3d at 253; *United States v. Tyerman*, 641 F.3d 936, 943 (8th Cir. 2011) *United States v. Arami*, 536 F.3d 479, 483 (5th Cir. 2008).

Mr. Velasquez entered his guilty plea before this Court on August 11, 2025. Following the Rule 11 colloquy, the undersigned issued an R&R recommending that the District Judge accept the plea. Dkt. No. 57. That same day, Mr. Velasquez—through counsel—filed a motion to withdraw his plea. Dkt. No. 59. This Court subsequently vacated the R&R. Dkt. No. 61. At no point did the District Judge enter an order accepting the plea or adjudicating Mr. Velasquez guilty.

Under governing authority, the facts here place the motion squarely within Rule 11(d)(1), permitting Defendant's withdrawal of his guilty plea as of right.

## CONCLUSION

For the foregoing reasons, Mr. Velasquez's Amended Motion to Withdraw Plea of Guilty, Dkt. No. 60, is **GRANTED.**

ENTER:

Dated: October 27, 2025

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE